**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

**MARILYN STATON**
**4214 10th St. NE**
**Washington, DC 20017**

**Plaintiff,**

**v.**

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**
**600 Fifth Street, N.W.**
**Washington, D.C. 20001**

**SERVE: Patricia Lee**
**Office of General Counsel**
**Washington Metropolitan Area Transit Authority**
**600 Fifth Street, N.W.**
**Washington, D.C. 20001**

**and**

**UBER TECHNOLOGIES, INC.**
**1725 3rd Street**
**San Francisco, CA 94158**

**SERVE: CT Corporation System**
**1015 15th St. NW, Suite 1000**
**Washington, D.C. 20005**

**Defendants.**

**Civil Action No.:** 2025-CAB-002900

## COMPLAINT

COMES NOW, Plaintiff, Marilyn Staton (hereinafter "Plaintiff"), by and through the undersigned attorney, and files this Complaint against Defendants, Washington Metropolitan Area Transit Authority (hereinafter "Defendant WMATA") and Uber Technologies, Inc. (hereinafter "Defendant Uber"), and in support thereof states as follows:

## Jurisdiction and Parties

1. Jurisdiction of the Court is invoked pursuant to D.C. Code §11-921.

2. Plaintiff is an individual who is over the age of 18, who, at all relevant times herein, was a resident in the District of Columbia.

3. Defendant WMATA is a corporation that operates in the District of Columbia.

4. Defendant Uber is a foreign corporation that operates in the District of Columbia.

5. All of the events alleged in the foregoing Complaint occurred in the District of Columbia.

## FACTUAL ALLEGATIONS

6. Plaintiff adopts, alleges, and incorporates paragraphs 1 through 5 as if they were stated fully herein.

7. On or about October 10, 2023, the Plaintiff, Marilyn Staton, who was in a wheelchair, boarded an Uber van that participated in the Washington Metropolitan Area Transit Authority/Metro Access Abilities-Ride Program, in Washington, D.C.

8. On the same date and time, an agent/employee ("Driver") of the Defendants attempted to bolt the wheels of the wheelchair down in the vehicle. Driver did not properly secure the wheels of the wheelchair. During the drive, Plaintiff's wheel chair fell over as the Driver made a left turn, causing the Plaintiff to fall out of the wheelchair and sustain serious personal injuries. The Plaintiff neither caused nor contributed to the incident or her injuries.

## COUNT I - NEGLIGENCE CAUSING PERSONAL INJURIES
***(Plaintiff v. Defendant WMATA and Defendant Uber)***

9. Plaintiff re-alleges, adopts, and incorporates the preceding allegations of this Complaint as if fully set forth herein.

10. Defendants' agent and/or employee, Driver, had a duty to exercise ordinary care not to injure Plaintiff.

11. Despite the duty owed to Plaintiff, Defendants' agent and/or employee, Driver, failed to properly or adequately assist Plaintiff and caused the Plaintiff to fall out of the wheelchair.

12. As the direct and proximate result of the negligence, carelessness, and unskillfulness of the Driver, the Plaintiff has suffered, and will continue to suffer, severe and permanent physical injuries, permanent disability, great pain and suffering, and severe mental anguish and emotional distress.

13. As a further result of the negligence, carelessness, and unskillfulness of the Driver, the Plaintiff has incurred, and will continue to incur, substantial medical and related expenses, transportation costs, loss of time and enjoyment from her usual and customary leisure and recreational activities, and permanent impairment of her usual and customary leisure and recreational activities.

14. At all times relevant to this action, the Driver was working as an employee or agent for the Defendants. Defendants are therefore vicariously liable for the aforesaid negligence of the Driver and damages to the Plaintiff under the doctrine of *respondeat superior*.

15. Additionally, the accident that gives rise to this action is an event that would not ordinarily occur in the absence of negligence by the Driver, an agent or employee of Defendants.

16. This accident was caused by an instrumentality in the Driver's, an agent or employee of Defendants, exclusive control.

17. Plaintiff did not contribute or engage in any voluntary act to cause this accident. Defendants are therefore vicariously liable for the aforesaid negligence of the Driver and

damages to the Plaintiff under the doctrine of *res ipsa loquitor*.

**WHEREFORE**, the Plaintiff, Marilyn Staton, demands judgment from and against Defendant in the amount of One-Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus interest from the date of the accident, and costs.

This 6th day of May, 2025.

Respectfully submitted,

*/s/ Camille Conor*_______
Camille Conor, Esquire, #90017600
SLOCUMB LAW FIRM LLC
1140 19th Street, N.W., Floor 4
Washington, D.C. 20036
P: (771) 212-8470 ext. 1005
F: (771) 212-8479
camille24@slocumblaw.com
ATTORNEY FOR PLAINTIFF

**JURY DEMAND**

Plaintiff hereby demands trial by a jury of six (6).

*/s/ Camille Conor*_______
Camille Conor, Esquire, #90017600

**ATTORNEY CERTIFICATE**

I HEREBY CERTIFY that I am a member in good standing of the District of Columbia bar.

Respectfully submitted,

*/s/ Camille Conor*_______

Camille Conor, Esquire, #90017600
SLOCUMB LAW FIRM LLC
1140 19th Street, N.W., Floor 4
Washington, D.C. 20036
P: (771) 212-8470 ext. 1005
F: (771) 212-8479
camille24@slocumblaw.com
ATTORNEY FOR PLAINTIFF